IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO

IN RE:

LUIS ANTONIO VALLE GONZALEZ                     CASE NO. 08-02795 BKT

                                                CHAPTER 7

            Debtor(s)


WILFREDO SEGARRA MIRANDA                ADVERSARY NO. 08-0185
TRUSTEE FOR THE ESTATE OF
LUIS ANTONIO VALLE GONZALEZ


            Plaintiff


EUROBANK                                FILED & ENTERED ON 01/13/2010


            Defendant

### DECISION AND ORDER

The debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code on May 1, 2008. On August 7, 2008, Eurobank filed a motion to compel abandonment of property, contending that the debtor had no equity in four properties over which Eurobank holds mortgages (dkt. #21 in the legal case). The trustee opposed the motion (dkt. #35 in the legal case) and Eurobank filed a reply (dkt. #37 in the legal case). Pursuant to an order of the Court, the trustee filed a sur-reply (dkt. #45 in the legal case) and on December 23, 2008, filed this adversary complaint to determine the extent of Eurobank's lien on the properties. The trustee contends that the title studies show that the mortgages only cover the mortgage principal and interest. The trustee argues that the liens held by Eurobank amount to $360,518.61 and that the appraisals show that the properties have a combined market value of $590,000.00. Thus, the trustee requests that Eurobank's claim be split to allow

$360,518.61 as secured and the remainder of $241,294.56 as unsecured.

Eurobank argued that a judgment issued by the Puerto Rico court of first instance in an action for collection of monies and foreclosure, constitutes a security interest and that it is entitled to the full amount established in the judgment of $547,813.17.  The trustee countered that the judgment itself does not create a lien over the debtor's properties because Eurobank failed to present the judgment for inscription at the Registry of Property.  The trustee also argues that the partial judgment issued by the local court adjudicated the cause of action exclusively pertaining to the collection of monies claimed, but not the request for foreclosure of the mortgage notes.

The trustee filed a motion for summary judgment on March 31, 2009 (dkt. #11).  Eurobank filed an answer and a cross motion for summary judgment (dkt. #16).  In this motion, Eurobank argues that the security for its loans are pledge agreements over the debtor's mortgage notes and irrespective of the judgment, the full balance of Eurobank's loans is secured under the pledges.

DISCUSSION

Both the trustee and Eurobank claim an entitlement to summary judgment.  Summary judgment will be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  See Fed. R. Civ. P. 56(c); Fed. R. Bankr. P. 7056.  See also Celotex Corp. v. Catrett, 477 U.S. 317, 322, (1986).  In viewing the facts, the Court must draw all reasonable inferences from them, in the manner most favorable to the nonmovant.  Desmond v. Varrasso (In re Varrasso), 37 F.3d 760, 763 (1st Cir. 1994); Piccicuto v. Dwyer, 39 F.3d 37, 40 (1st Cir. 1994).  In the present case, the parties agree that there are no issues of material fact.

The trustee relies on Article 166 of the Mortgage Law of Puerto Rico, which provides that:

> [u]nless there is an agreement to the contrary, a mortgage granted on an interest-drawing loan shall only secure, with prejudice to a third party, in addition to the principal, interest for the last two years that have elapsed and the part due from the current annual payment.

30 L.P.R.A. § 2562.  Moreover, as the trustee points out, the Mortgage Law of Puerto Rico provides that "[m]ortgaged properties are not liable for court costs and attorney's fees arising from a judicial claim on a mortgage loan, if the amount agreed upon for this purpose is not entered in the Registry." 30 L.P.R.A. § 2701.

However, the original security for Eurobank's claim is neither the mortgage notes nor the local court judgment.  The loans made to the debtor were covered by two signed and notarized pledge agreements, dated February 24, 2005 and June 9, 2005, to warrant a three credit facility awarded to the debtor.  No loans were extended after the execution of the pledges.  Both agreements pledge the same eight Bearer and Mortgage Notes, which Eurobank registered.

A contract of pledge in Puerto Rico requires the following essential requisites:

> (1) That they be constituted to secure the fulfillment of a principal obligation.
> (2) That the thing pledged or mortgaged is owned by the person who pledges or mortgages it.
> (3) That the persons who constitute the pledge or mortgage have the free disposition of their property, and, should they not have it, that they are legally authorized for that purpose.

31 L.P.R.A. § 5001.  Moreover, in order for a pledge to be effective against a third person (trustee or debtor in possession) it must be perfected and its date must be shown by an authentic document. 31 L.P.R.A. § 5023; In re Supermercados San Juan, Inc., 575 F.2d 8, 11 (1st Cir. 1978).  A document verified before a notary is an authentic document.  In re Machuca Martinez, 359 B.R. 529 (Bankr. D.P.R. 2006)(citing Ramos Mimoso v. Superior Court, 93 P.R.R. 538, 540-42 (1966)).

"[N]egotiable promissory notes can be pledged and are subject to the pledge provisions of the Puerto Rico Civil Code." In re Santos & Nieves, Inc., 814 F.2d 57, 59 (1st Cir. 1987). The transaction is not a transfer of an interest in real property, but a transfer of personal property, which is a pledge under Puerto Rican law. Id. at 59-60; 31 L.P.R.A. § 1064.

In the present case, the requisites for contracts of pledge were satisfied prepetition. The pledges of the notes in favor of Eurobank were constituted to secure the repayment of loans to the debtor. The trustee does not dispute that the debtor had the free disposition to pledge the notes. The mortgages were registered in favor of Eurobank.

The real issue in controversy is whether the full balance of Eurobank's loans are secured under the pledges and their umbrellas pursuant to the Laws of Puerto Rico. When property is pledged in Puerto Rico, the pledgor remains the owner of the property and the pledgee receives a lien on the property for the value of the debt. In re Supermercados San Juan, Inc., 575 F.2d at 12. Moreover, "[a] contract of pledge gives a right to the creditor to retain the thing in his possession or in that of the third person to whom it may have been delivered until his credit is paid." 31 L.P.R.A. § 5024.

In the present case, the loans granted to the debtor by Eurobank were secured by the pledge of the eight mortgage notes. Accordingly, Eurobank is entitled to retain its security interest until the loans are paid in full. This is true irrespective of the judgment. The original security remains to be the pledge agreements over the debtor's mortgage notes. Thus, pre-bankruptcy, the pledges would make Eurobank's loans fully secured.

Upon the filing of the bankruptcy petition, the Bankruptcy Code governs the extent of Eurobank's liens and provides that:

> [a]n allowed claim of a creditor secured by a lien on property in which the estate has an interest . . . is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property . . .

11 U.S.C. § 506(a)(1).

The parties agree that the properties encumbered by the pledges, according to the appraisals made in March of 2004, have a combined value of $590,000.00.  As established by the Partial Summary Judgment, issued by the local court on December 11, 2007, Eurobank was owed $550,524.97, plus the agreed interest and any interest accrued at the legal rate until paid in full.  As of July 23, 2008, the balance of the debt was $574,813.17.  Thus, Eurobank's claim is a secured claim to the extent of the value of its interest in the estate's interest in the real properties, entitling Eurobank to a secured claim in the amount of $574,813.17.  Accordingly, Eurobank's cross-motion for summary judgment will be granted and a separate order will be issued in the legal case granting Eurobank's motion to compel abandonment of property.

### <u>ORDER</u>

Wherefore,  IT IS ORDERED that Eurobank's cross-motion for summary judgment shall be, and it hereby is, GRANTED.  Eurobank's secured claim is allowed in the amount of $574,813.17.

**SO ORDERED.**

**Ponce, Puerto Rico, this 13 day of January, 2010.**

**Brian K. Tester**
**U.S. Bankruptcy Judge**